IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
*****

| | | |
|---|---|---|
| MONICA PROSPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00007-CVG-RM |
| | ) | |
| THOMSON REUTERS (GRC), INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND UNTIMELINESS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Thomson Reuters (GRC), Inc.[1] ("Thomson Reuters"), through its counsel, Benjamin A. Currence, Esq., respectfully submits the following memorandum of law in support of its motion: (i) pursuant to Fed. R. Civ. Pro. 12(b)(3), 28 U.S.C. § 1404(a), 28 U.S.C. § 1406 and 42 U.S.C. § 2000e-5(f)(3), for an order dismissing the Amended Complaint of Plaintiff Monica Prosper ("Prosper") for improper venue, or, in the alternative, transferring this action to the United States District Court for the Southern District of New York; and (ii) pursuant to Fed. R. Civ. Pro. 12(b)(6), dismissing Prosper's causes of action for intentional infliction of emotional distress and violation of the Fair Labor Standards Act as untimely.

## PRELIMINARY STATEMENT

This action arises out of the United States Equal Employment Opportunity Commission's (the "EEOC") November 3, 2014 denial of Plaintiff Prosper's charge of discrimination against Defendant Thomson Reuters.

---

[1] Plaintiff alleges to have purportedly served process in this action, five (5) months after its commencement, by a Summons improperly issued to "Thomas Reuters."

Prosper's Amended Complaint alleges that Thomson Reuters discriminated against her based on her gender, race, national origin and age by, among other things, allegedly: (i) reducing the salary offered to her prior to her hiring, allegedly upon determining that she was of Caribbean-American descent; (ii) requiring her to work for two Thomson Reuters executives, while other, allegedly younger and Caucasian, assistants were only required to assist one executive; (iii) failing to investigate a claim of sexual harassment complained of by Prosper; (iv) denying Prosper overtime pay; (v) terminating Prosper's employment allegedly as a result of her lodging a complaint regarding alleged racially insensitive comments made by a Thomson Reuters employee regarding another employee – not Prosper; and (vi) replacing Prosper with a younger Caucasian employee.

Thomson Reuters denies each and every one of Prosper's allegations.  In reality, Prosper was terminated as a result of her repeated, willful and admitted violations of Thomson Reuters' written policies regarding the time keeping practices of hourly employees.

Not only are Prosper's allegations without merit, but Prosper has also failed to bring her claims in the proper venue.  It is black letter law that claims for discrimination under Title VII are mandatorily venued in the forum where: (i) the alleged discriminatory conduct took place; or (ii) where the employer's relevant records are located.  Prosper, who alleges to be currently a resident of the U.S. Virgin Islands, lived in New York and worked for Thomson Reuters exclusively out of its New York City office (the "New York Office") during the entirety of her tenure with the company, which lasted just short of ten (10) months.  All of the discriminatory actions or omissions alleged by Prosper against Thomson Reuters took place in the City of New York.  Not only did Prosper never work for Thomson Reuters in the U.S. Virgin Islands, but,

logically, none of Thomson Reuters' employment records with regard to Prosper or her allegations of discrimination are located in this forum.

In addition, Prosper's claims for intentional infliction of emotional distress and alleged violation of the Fair Labor Standards Act are also subject to dismissal, as each cause of action allegedly accrued on or before the November 28, 2012 termination of Prosper's employment with Thomson Reuters and are therefore time-barred.

As such, it is respectfully submitted that Plaintiff's Amended Complaint in this action should be dismissed due to improper venue.  In the alternative, it is submitted that the action should be transferred to the United States District Court for the Southern District of New York, the only forum where Prosper's claims may be heard.  Prosper's claims for intentional infliction of emotional distress and alleged violation of the Fair Labor Standards Act should also be dismissed as untimely.

## **BACKGROUND**

Thomson Reuters respectfully refers the Court to the accompanying Affidavit of Benjamin A. Currence, Esq., sworn to August 14, 2015, with exhibits annexed thereto (the "Currence Aff.") and the Affidavit of Jennifer Szelag, sworn to August 12, 2015 (the "Szelag Aff.").

### **Prosper's Employment with Thomson Reuters**

During the period of approximately February 13, 2012 through November 28, 2012, Prosper was employed as an executive assistant for Thomson Reuters.  *See* EEOC Charge of Discrimination, Ex. A to Currence Aff [2] and Szelag Aff. at ¶ 3.  Throughout the entirety of her approximately ten (10) month tenure with Thomson Reuters, Prosper worked exclusively out of

---

[2]     Plaintiff's Amended Complaint expressly incorporates the allegations of her EEOC Charge of Discrimination.  *See* Amended Complaint, Ex. B to Currence Aff. at ¶ 8.

3

Thomson Reuters' New York Office, located at 3 Times Square, New York, New York.  The majority of Prosper's job responsibilities included assisting former Thomson Reuters executive Scott McCleskey, who likewise worked out of the New York Office. Szelag Aff. at ¶ 4.

On or about November 28, 2012, Prosper's employment with Thomson Reuters was terminated as a result of her willful, repeated and admitted violations of Thomson Reuters' written policies regarding hourly employees' time keeping practices.  *Id.* at ¶ 5.

**Prosper's Amended Complaint**

On or about September 18, 2013, Prosper filed her Charge of Discrimination with the EEOC, identifying Thomson Reuters' address as 3 Times Square, New York, New York 10036. *See* EEOC Charge of Discrimination, Ex. A to Currence Aff.  On or about November 3, 2014, the EEOC issued its Dismissal and Notice of Rights with regard to Prosper's charge.  *See* Ex. C to Currence Aff.

On February 6, 2015, allegedly two (2) days prior to the expiration of her statutory 90 day deadline for filing a discrimination lawsuit, Prosper commenced the instant lawsuit against Thomson Reuters.[3]  On or about June 17, 2015, prior to purportedly serving "Thom<u>as</u> Reuters" with process, Prosper filed her First Amended Complaint.  The Amended Complaint alleges five (5) causes of action: (i) discrimination pursuant to Title VII; (ii) discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"); (iii) negligence; (iv) negligent and intentional infliction of emotional distress; and (v) violation of the Fair Labor Standards Act. *See* Amended Complaint, Ex. B to Currence Aff. at ¶ 25-39.

With regard to her discrimination claims under Title VII and ADEA, Prosper alleges the following:

---

[3]      Thomson Reuters believes that in the event that this case is not dismissed, discovery will demonstrate that this action was in fact improperly commenced by Prosper <u>after</u> the expiration of the statutory 90 day time limit and, therefore, reserves its right to subsequently seek dismissal of Prosper's discrimination claims as untimely.

Case 1:18-cv-02890-MKV-OTW   Document 19   Filed 08/14/15   Page 5 of 12

(i)     that Thomson Reuters allegedly reduced the salary being offered for the position she applied for once it determined that she was of Caribbean-American decent.  *Id.* at ¶ 13;

(ii)    that Thomson Reuters required Prosper to assist two executives instead of one, while other, younger and Caucasian, assistants were allegedly only required to assist one executive. *Id.* at ¶ 14;

(iii)   that Prosper's superior, Mr. McClesky, was allegedly "shocked" and "expressed confusion and surprise" when he discovered that Prosper was 40 years old and a grandmother.  *Id.* at ¶ 16;

(iv)    that Thomson Reuters allegedly failed to investigate Prosper's claim of sexual harassment based on her allegation that Mr. McClesky or another Thomson Reuters' employee somehow "remotely operated" Prosper's Thomson Reuters' issued laptop computer while she was at home in order to take pictures of her while she was naked.  *Id.* at ¶ 17-18;

(v)     that Thomson Reuters allegedly denied Prosper the availability of overtime, "because [Thomson Reuters] became aware of her age and/or her race." *Id.* at ¶ 19;

(vii)   that Thomson Reuters terminated Prosper allegedly in retaliation for her having complained about racially insensitive comments allegedly made by a Thomson Reuters' employee to another employee – not Prosper.  *Id.* at ¶ 21-23; and

(viii)  that Prosper was allegedly replaced with a "white" and "younger" employee.  *Id.* at ¶ 24.

In addition to her discrimination allegations, Prosper's Complaint also alleges duplicative causes of action for: (i) negligence – based on Thomson Reuters allegedly "allowing [its] employees] to discriminate against Plaintiff based on her age, race, national origin and gender,

and ultimately allowing those same employees to retaliate against Plaintiff by firing her." (*Id.* at ¶ 34); (ii) negligent and intentional infliction of emotional distress – based on Thomson Reuters allegedly "allowing employees to remotely access the laptop assigned to Plaintiff for the purposes of taking naked pictures of her…" (*Id.* at ¶ 37); and (iii) violation of the Fair Labor Standards Act – based on Thomson Reuters alleged failure to compensate Plaintiff for overtime hours worked. (*Id.* at ¶ 39).

<u>ARGUMENT</u>

POINT I

**PROSPER'S DISCRIMINATION CLAIMS**
<u>**ARE PROPERLY VENUED IN NEW YORK**</u>

As set forth above and within the accompanying Affidavit of Jennifer Szelag, <u>all</u> of the discriminatory practices alleged in Prosper's Amended Complaint took place in the Southern District of New York, specifically within Thomson Reuters' New York Office – where Prosper worked for the entirety of her tenure with Thomson Reuters.  Moreover, none of Thomson Reuters' employment records regarding Prosper are located in the U.S. Virgin Islands.  Indeed, the only connection that this litigation has to this forum is that Prosper now alleges to reside in the U.S. Virgin Islands – which, as set forth below, is an insufficient basis for venue in this dispute.  For these reasons, this action must be dismissed, or in the alternative, transferred to the United States District Court for the Southern District of New York.

Prosper's Amended Complaint alleges that venue is proper in this Court pursuant to 28 U.S.C. § 1391.  However, Prosper's reliance on the statute is misguided, as it is well settled that venue in a Title VII action is not subject to the discretionary venue provisions of 28 U.S.C. § 1391, but rather the mandatory venue provisions prescribed under 42 U.S.C. § 2000e-5(f)(3), which dictate that a claim under the statute:

6

> may be brought [1] in any judicial district in the State in which the
> unlawful employment practice is alleged to have been committed,
> [2] in the judicial district in which the employment records relevant
> to such practice are maintained and administered, or [3] in the
> judicial district in which the aggrieved person would have worked
> but for the alleged unlawful employment practice.

See 42 U.S.C. § 2000e-5(f)(3); see also Vinson v. Seven Seventeen HB Philadelphia Corp., 2001

WL 1774073 at *29 (E.D. Pa., October 31, 2001) ("By way of this provision, 'Congress clearly

intended to limit venue to the judicial districts concerned with the alleged discrimination.'")

(quoting Kravitz v. Institute for Intern. Research, Inc., 1993 WL 453457 at *2 (E.D. Pa.

November 5, 1993)); Thurmon v. Martin Marietta Data Systems, 596 F. Supp. 367, 368 (M.D.

Pa. 1984) (plaintiff was incorrect in arguing that the general venue provisions of 28 U.S.C. §

1391 controlled his EEOC suit; venue in an EEOC suit is not discretionary, but rather is

mandatorily prescribed under 42 U.S.C. § 2000e-5, and thus plaintiff's residence was not

grounds for venue).

The fact that Prosper has also alleged a cause of action for discrimination under the

ADEA (which is typically governed by the general discretionary venue statute), does not excuse

her from adhering to Title VII's mandatory venue provision:

> [C]ourts have consistently held that when ADEA claims are presented
> simultaneously with an ADA or Title VII claim, the lawsuit must be
> filed in the judicial district where venue is proper for both claims.

Albright v. W.L. Gore & Associates, Inc., 2002 WL 1765340 at *4 (D. Del. July 31, 2002)

(emphasis added) (citing Kravitz, 1993 WL 453457 at *3); Shahin v. Geithner, No. CIV. 10-955-

LPS, 2012 WL 2126906, at *3 (D. Del. June 8, 2012) (same); Worthy v. Aspin, No. CIV. A. 93-

1324, 1994 WL 121430, at *2 (W.D. Pa. Feb. 3, 1994) ("In the interest of justice and judicial

economy, we find that both the Title VII and ADEA claims should be transferred to the Eastern

7

District of Virginia, where *both claims* may be heard in the same proceeding and where venue would be proper *for both claims*.") (emphasis added).

As set forth above, the relevant facts do not support venue in this District under any of the three (3) factors considered by 42 U.S.C. § 2000e-5.  Prosper worked her entire tenure with Thomson Reuters out of the company's New York Office where she was employed as an executive assistant for Scott McClesky, who likewise worked out of the New York Office.

Moreover, and unsurprisingly considering that Prosper worked only in the New York Office, all of the discriminatory actions and/or omissions alleged in Prosper's Amended Complaint allegedly took  place in New York City, including but not limited to Thomson Reuters' alleged: (i) reduction of the offered salary for Prosper's position, allegedly once Thomson Reuters determined Prosper was of Caribbean-American descent; (ii) assignment of Prosper to assist two Thomson Reuters executives, while other, Caucasian and younger, assistants were allegedly only assigned to one executive; (iii) "shock," "surprise," and "confusion" when Mr. McClesky learned that Prosper was a 40 year old grandmother; (iv) failure to investigate an alleged incident of sexual harassment; (v) refusal to pay Prosper overtime; (vii) termination of Prosper, allegedly in retaliation for reporting incidents of racially insensitive comments; and (viii) replacement of Prosper with a younger Caucasian employee.

Additionally, none of Thomson Reuters' records regarding the above described allegations of discrimination are located in the U.S. Virgin Islands.

Finally, it appears from Prosper's own submissions to this Court that she has conceded that the U.S. Virgin Islands is not the proper venue for this action.  Indeed, in support of Treston E. Moore, Esq.'s pending motion to withdraw as counsel for Prosper, Mr. Moore attaches an email from Prosper (also annexed as Ex. D to the Currence Aff.) which consents to Mr. Moore's

withdrawal in this action and states, "I am currently seeking <u>New York representation</u> to aid me going forward." (emphasis added).

For these reasons, it is respectfully submitted that Prosper's claims under Title VII (Count I) and ADEA (Count II) must be dismissed, or, in the alternative, transferred to the United States District Court for the Southern District of New York.

**POINT II**

**PROSPER'S REMAINING CAUSES OF ACTION ARE LIKEWISE**
**SUBJECT TO DISMISSAL OR TRANSFER FOR IMPROPER VENUE**

In addition to her causes of action under Title VII and ADEA, which as set forth above must be dismissed or transferred, Prosper's Amended Complaint alleges causes of action for: (i) negligence (Count III); (ii) negligent and intentional infliction of emotional distress (Count IV); and (iii) violation of the Fair Labor Standards Act (Count V).

All of these claims, which are based on the exact same alleged discriminatory conduct alleged in support of her Title VII and ADEA claims and which all are typically subject to the general discretionary venue provisions of 28 U.S.C. § 1391, are likewise subject to dismissal or transfer. When additional causes of action are brought simultaneously with a Title VII claim, courts must focus their venue analysis on the forum where <u>all</u> claims properly can be brought. <u>See, e.g.,</u> <u>Stein v. Chemtex Int'l, Inc.,</u> No. CIV. 04-001-SLR, 2004 WL 722252, at *2 (D. Del. Mar. 31, 2004) (In considering proper venue for plaintiff's Title VII, FLSA, and contract claims, court focused its discussion on whether venue was appropriate *for all claims* pursuant to Title VII's mandatory venue provision, § 2000e–5(f)(3)) (emphasis added); <u>de Rojas v. Trans States Airlines, Inc.,</u> 204 F.R.D. 265, 267, 269 (D.N.J. 2001) (In plaintiff's action asserting a violation of Title VII and state law claims for defamation, intentional infliction of emotional distress, negligence, tortious interference with contractual relations, fraud, and negligent

9

misrepresentation, court looked to venue provision of the "primary claim" – the Title VII claim – in holding that venue was proper *for all claims* in the Eastern District of Missouri, where plaintiff's employment records were kept.).

Here, pursuant to 42 U.S.C. § 2000e-5(f)(3), venue for Prosper's primary Title VII claim is proper only in the Southern District of New York, where all of the alleged discriminatory acts took place. Pursuant to the general discretionary venue provisions of 28 U.S.C. § 1391, Prosper's causes of action sounding in negligence and alleged violation of the Fair Labor Standards Act also are properly venued in the Southern District of New York. See de Rojas, 204 F.R.D. 265, 267 n.2 (underlying state law claims "ride on the coattails" of the Title VII venue). Because Prosper failed to commence her lawsuit in the proper judicial district, her claims should rightfully be dismissed, or, in the alternative, transferred to the appropriate venue.

**POINT III**

**PROSPER'S CLAIMS FOR INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS AND VIOLATION OF THE
FAIR LABOR STANDARDS ACT ARE UNTIMELY**

As set forth above, Prosper's causes of action for intentional infliction of emotional distress (Count IV) and violation of the Fair Labor Standards Act (Count V) are subject to dismissal or transfer as a result of being brought in the improper venue. However, regardless of venue, both of these causes of action are also subject to dismissal as being time-barred.

Prosper's cause of action for intentional infliction of emotional distress is time-barred under the law of both the U.S. Virgin Islands and the State of New York. More specifically, as Prosper was terminated by Thomson Reuters on November 28, 2012 and her cause of action is entirely based on alleged conduct while she was employed by Thomson Reuters, the claim is barred by both the U.S. Virgin Islands' two (2) year statute of limitations (See Whitmore v.

10

HEPC Sugar Bay, Inc., 2002 WL 31574132 at *5 (Dist. Court of the Virgin Islands, Division of St. Thomas and St. John, App. Div., March 12, 2002) and New York's one (1) year statute of limitation (See Campbell v. Chabot, 189 A.D.2d 746, 747, 592 N.Y.S.2d 423, 424 (2d Dep't 1993).

Likewise, Prosper's cause of action for alleged unpaid wages under the Fair Labor Standards Act, which provides for a two (2) year statute of limitations, is time-barred. 28 U.S.C. § 255(a).[4] See also Lomax v. PNC Bank, N.A., 2011 WL 2039084 at *1 (May 24, 2011, W.D. Pa.) ("[T]o the extent that Plaintiff is alleging that [Defendant] failed to compensate him…such a claim is time barred by…the two-year statute of limitations under the Fair Labor Standards Act.").

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should dismiss plaintiff's Amended Complaint for improper venue, or in the alternative, transfer only those of plaintiff's timely claims to the proper venue, the Southern District of New York, as it is submitted that Prosper's causes of action for intentional infliction of emotional distress and violation of the Fair Labor Standards Act should be dismissed as time-barred.

Dated: August 14, 2015                          Respectfully submitted,


                                                 /s/ Benjamin A. Currence
                                                 Benjamin A. Currence, Esq.
                                                 V.I. Bar No. 115
                                                 P.O. Box 6143
                                                 St. Thomas, VI 00804-6143
                                                 Telephone: (340) 775-3434
                                                 Email: bencurrence@gmail.com

### CERTIFICATE OF SERVICE

---

[4] The FSLA also provides for a three year statute of limitations when the defendant's conduct is alleged to have been willful, an allegation which is not contained in Prosper's Amended Complaint.

I hereby certify that on August 14, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to all persons who have registered to receive electronic service. I addition, I sent a true copy of the foregoing via first-class mail, postage prepaid to:

Treston E. Moore, Esq.
Moore, Dodson & Russell
P.O. Box 310
St. Thomas, VI 00804

*/s/ Benjamin A. Currence*
Benjamin A. Currence, Esq.

2265223_5