UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MONICA PROSPER,

                Plaintiff,

      -against-

THOMSON REUTERS (GRC), INC.,

                Defendant.
------------------------------------------------------------X

Case No.: 18-CV-02890 (RA)

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Thomson Reuters GRC Inc. ("Defendant" or "Thomson Reuters"), through its attorneys, Satterlee Stephens LLP, as and for its Answer to the First Amended Complaint (the "Amended Complaint") of Plaintiff *Pro Se* Monica Prosper ("Plaintiff" or "Ms. Prosper"), responds as follows:

### Nature of the Case

1. Thomson Reuters denies the allegations set forth within Paragraph 1 of the Amended Complaint to the extent that they allege that Thomson Reuters violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Fair Labor Standards Act, or otherwise engaged in "negligent retention/hiring and supervision," or negligent or intentional infliction of emotional distress, with regard to the Plaintiff's employment with Thomson Reuters. Thomson Reuters further denies the allegations set forth within Paragraph 1 of the Amended Complaint to the extent that they allege that the Plaintiff is entitled to recover any damages from Thomson Reuters under the facts alleged within the Amended Complaint.

2778356_1

## Jurisdiction

2. Thomson Reuters does not respond to the allegations set forth within Paragraph 2 of the Amended Complaint as they set forth legal conclusions to which no response is required.

3. Thomson Reuters does not respond to the allegations set forth within Paragraph 3 of the Amended Complaint as they set forth legal conclusions to which no response is required.

4. Thomson Reuters does not respond to the allegations set forth within Paragraph 4 of the Amended Complaint as they set forth legal conclusions to which no response is required.

5. Thomson Reuters does not respond to the allegations set forth within Paragraph 5 of the Amended Complaint as they set forth legal conclusions to which no response is required.

6. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 6 of the Amended Complaint.

7. Thomson Reuters admits the allegations set forth within Paragraph 7 of the Amended Complaint to the extent that they allege that Thomson Reuters (GRC) Inc. is a corporation organized and existing pursuant to the laws of the State of Delaware with its principal place of business located in the State of New York. Thomson Reuters does not respond to the remaining allegations set forth within Paragraph 7 of the Amended Complaint as they set forth legal conclusions to which no response is required.

## Factual Allegations

8. Thomson Reuters neither admits nor denies the allegations set forth within Paragraph 8 of the Amended Complaint and respectfully refers the Court to the referenced EEOC Charge of Discrimination, as well as Thomson Reuters' response to the same, for a true and accurate reading of their contents in their proper context.

9. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 9 of the Amended Complaint.

10. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 10 of the Amended Complaint.

11. Thomson Reuters admits the allegations set forth within Paragraph 11 of the Amended Complaint to the extent that they allege that Plaintiff was formerly employed by Thomson Reuters as a full-time executive assistant to Scott McCleskey ("Mr. McCleskey"), who was, at the time, Thomson Reuters' Global Head of Governance, Risk and Compliance, and that Mr. McCleskey is a Caucasian male. Thomson Reuters denies the remaining allegations set forth within Paragraph 11 of the Amended Complaint.

12. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 12 of the Amended Complaint.

13. Thomson Reuters admits the allegations set forth within Paragraph 13 of the Amended Complaint to the extent that they allege that Plaintiff applied for a position as an executive assistant with Thomson Reuters and that the offered salary for that position was $60,000 per year. Thomson Reuters denies the remaining allegations set forth within Paragraph 13 of the Amended Complaint.

14. Thomson Reuters admits the allegations set forth within Paragraph 14 of the Amended Complaint to the extent that they allege that Plaintiff accepted Thomson Reuters' offer of employment as an executive assistant at the salary of $60,000 per year and that, at the time,

the group in which the Plaintiff was employed employed four executive assistants in addition to the Plaintiff. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 14 of the Amended Complaint to the extent that they allege the "reasons" for which Plaintiff accepted Thomson Reuters' offer of employment. Thomson Reuters denies the remaining allegations set forth within Paragraph 14 of the Amended Complaint.

15. Thomson Reuters admits the allegations set forth within Paragraph 15 of the Amended Complaint to the extent that they allege that Mr. McCleskey often traveled internationally for work and that Plaintiff was, at one time, entitled to work overtime hours with the advance authorization of Mr. McCleskey. Thomson Reuters does not respond to the allegations set forth within Paragraph 15 of the Amended Complaint to the extent that they allege that the Plaintiff worked "odd hours," as the allegation is vague and ambiguous. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 15 of the Amended Complaint to the extent that they allege purported reasons why the Plaintiff elected to continue her employment with Thomson Reuters.

16. Thomson Reuters denies the allegations set forth within Paragraph 16 of the Amended Complaint.

17. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 17 of the Amended Complaint.

18. Thomson Reuters denies the allegations set forth within Paragraph 18 of the Amended Complaint.

4

19. Thomson Reuters admits the allegations set forth within Paragraph 19 of the Amended Complaint to the extent that they allege that in or around July of 2012, Mr. McCleskey advised the Plaintiff that there was no overtime budget going forward for the Plaintiff's position. Thomson Reuters denies the remaining allegations set forth within Paragraph 19 of the Amended Complaint.

20. Thomson Reuters denies the allegation set forth within Paragraph 20 of the Amended Complaint.

21. Thomson Reuters does not respond to the allegations set forth within Paragraph 21 of the Amended Complaint to the extent that they are vague and ambiguous. Thomson Reuters affirmatively states that on one occasion in 2012, Thomson Reuters requested information from the Plaintiff regarding alleged racially insensitive comments made by a Thomson Reuters employee to another Thomson Reuters employee – not the Plaintiff. Thomson Reuters denies the allegations set forth within Paragraph 21 of the Amended Complaint to the extent that they allege that Thomson Reuters "implied" to the Plaintiff that she was "overly sensitive about her race and nationality."

22. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 22 of the Amended Complaint to the extent that they describe the details of an alleged event of racially insensitive comments made to another Thomson Reuters employee (not the Plaintiff) which took place on or about November 12, 2012. Thomson Reuters admits the allegations set forth within Paragraph 22 of the Amended Complaint to the extent that they allege that Plaintiff reported this alleged incident to Thomson Reuters' Human Resources Department. Thomson Reuters affirmatively

states that it had already commenced an investigation of the alleged incident, prior to the Plaintiff's report.

23. Thomson Reuters admits the allegations set forth within Paragraph 23 of the Amended Complaint to the extent that they allege that on or about November 28, 2012, Thomson Reuters terminated the Plaintiff's at-will employment and that Mr. McCleskey was present when the Plaintiff was advised of her termination. Thomson Reuters denies the allegations set forth within Paragraph 23 of the Amended Complaint to the extent that they allege that the reason provided to the Plaintiff for her termination was "being late." Thomson Reuters further denies the allegations set fort within Paragraph 23 of the Amended Complaint to the extent that they allege that Plaintiff was terminated as retaliation for reporting an alleged incident of racially insensitive comments being made to another Thomson Reuters employee. Thomson Reuters affirmatively states that the Plaintiff was terminated as a result of her repeated and **admitted** falsification of her time sheets, after several warnings.

24. Thomson Reuters denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 24 of the Amended Complaint.

### As and For a Response to Count I – Title VII Discrimination

25. Thomson Reuters repeats each and every response set forth within Paragraphs 1 through 24 of this Answer as if set forth in full herein.

26. Thomson Reuters does not respond to the allegations set forth within Paragraph 26 of the Amended Complaint as they set forth legal conclusions to which no response is required.

6

27. Thomson Reuters does not respond to the allegations set forth within Paragraph 27 of the Amended Complaint as they set forth legal conclusions to which no response is required.

28. Thomson Reuters denies the allegations set forth within Paragraph 28 of the Amended Complaint.

29. Thomson Reuters denies the allegations set forth within Paragraph 29 of the Amended Complaint.

### As and For a Response to Count II – Age Discrimination (ADEA)

30. Thomson Reuters repeats each and every response set forth within Paragraphs 1 through 29 of this Answer as if set forth in full herein.

31. Thomson Reuters denies the allegations set forth within Paragraph 31 of the Amended Complaint.

32. Thomson Reuters denies the allegations set forth within Paragraph 32 of the Amended Complaint.

### As and For a Response to Count III – Negligence

33. Thomson Reuters repeats each and every response set forth within Paragraphs 1 through 32 of this Answer as if set forth in full herein.

34. Thomson Reuters denies the allegations set forth within Paragraph 34 of the Amended Complaint.

35. Thomson Reuters denies the allegations set forth within Paragraph 35 of the Amended Complaint.

### As and For a Response to Count IV
### Negligent and Intentional Infliction of Emotional Distress

36. Thomson Reuters repeats each and every response set forth within Paragraphs 1 through 35 of this Answer as if set forth in full herein.

37. Thomson Reuters denies the allegations set forth within Paragraph 37 of the Amended Complaint.

### As and For a Response to Count V – Fair Labor Standards Act

38. Thomson Reuters repeats each and every response set forth within Paragraphs 1 through 37 of this Answer as if set forth in full herein.

39. Thomson Reuters denies the allegations set forth within Paragraph 39 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

4. Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

5. Plaintiff's claims pursuant to Title VII of the Civil Rights Act of 1964 are barred, as the Plaintiff was terminated by Thomson Reuters for a legitimate nondiscriminatory reason which was not pretext for discrimination.

6. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

7. Plaintiff's claims are barred in whole or in part as a result of her failure to exhaust administrative remedies.

8. Plaintiff is not entitled to recover punitive damages under the facts alleged within her Amended Complaint.

9. Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction.

WHEREFORE, it is respectfully submitted that the Court enter Judgment dismissing Plaintiff's Complaint in its entirety and awarding Thomson Reuters such further relief as the Court deems just and proper.

Dated: April 11, 2018

        SATTERLEE STEPHENS, LLP

        By: James F. Rittinger
             Michael H. Gibson
        *Attorneys for Defendant*
        *Thomson Reuters (GRC) Inc.*
        230 Park Avenue, Suite 1130
        New York, New York 10169
        (212) 818-9200

To: Monica Prosper
*Plaintiff Pro Se*
P.O. Box 12383
St. Thomas, VI 00801