UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MONICA PROSPER,

        Plaintiff,

  - against -

THOMSON REUTERS (GRC), INC.,

        Defendant.
---------------------------------------------------------x

Case No.: 18-cv-02890
(VEC)(OTW)

**CONFIDENTIALITY ORDER**

  **WHEREAS**, Plaintiff Monica Prosper ("Plaintiff"), has instituted the above-captioned lawsuit against Thomson Reuters (GRC), Inc. ("Defendant") in which Plaintiff has asserted, among other claims, claims of discrimination based on her race, national origin, and age (the "Action"); and,

  **WHEREAS**, pursuant to the disclosure requirements of the Federal Rules of Civil Procedure and in response to any discovery demands that either party has made or may make, as well as any agreement on the part of the parties to participate in any efforts to resolve the above-captioned Action, the parties have disclosed, or will be disclosing information and making available for inspection and/or producing to the opposing party information and documents which the disclosing party wishes to be treated as confidential (the "Confidential Information").

  In order to expedite the flow of discovery, facilitate efforts to resolve this Action, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of the confidentiality of material deemed worthy of protection,

1

**IT IS HEREBY ORDERED** that:

1. <u>Confidential Information Defined.</u> As used herein, the term "Confidential Information" shall mean all documents and testimony, and all information contained therein, and other information designated as confidential, if such documents or testimony contain information the disclosure of which would be, in the good faith judgment of the party designating the material as confidential, detrimental to the conduct of that party's business or the business of any party's customers, clients or employees, or which would tend to cause the party harassment or undue embarrassment. Specifically, but without limitation, "Confidential Information" may be included within documents such as:

   a. corporate employee records and files;

   b. corporate staff and/or management records and files;

   c. human resources records, files and information regarding current and former employees including, without limitation, salary information;

   d. any documents relating to employee examinations, discipline and/or termination;

   e. any non-privileged investigation files;

   f. non-public policies and handbooks;

   g. e-mail and other correspondence; and

   h. non-public business and/or transaction related documents, things and/or information including, without limitation, any voice recordings or tapes; and

   i. tax returns.

Copies of the Confidential Information referred to herein will be produced only subject to the terms of this Order and in accordance with the applicable Federal Rules of Civil Procedure and Civil Rules for the Southern and Eastern Districts of New York.

1480052_1
3260722_2

2. <u>Documents Defined</u>. For purposes of this Order, "documents" shall include, but not be limited to, written, recorded, electronic or graphic matter, interrogatory answers served in this Action, requests to admit and responses thereto filed in this Action, documents produced by any party, whether pursuant to formal discovery or by agreement, transcripts of and exhibits to depositions taken in this Action, and any portions of any court papers filed in this Action which quote from or substantially summarize any of the foregoing.

3. <u>Confidential Information</u>. Any party or non-party producing documents in this Action, which the party believes, in good faith, contain or disclose confidential information, may designate such documents as "CONFIDENTIAL" by stamping or otherwise identifying them on their face as such. (Together with testimony described in paragraph 5, documents so designated are hereinafter referred to collectively as "Confidential Information" as defined above.)

4. <u>Designation of Confidential Information</u>. Parties to this Action may designate documents and information as "confidential." This Order does not represent an agreement as to what documents are or information is confidential but, rather, provides a mechanism by which a party can designate those materials it believes should be treated as confidential. The designation of a document as confidential under this Order shall not be admissible at trial as evidence that a document is confidential or the property of any person or entity.

5. <u>Confidential Testimony</u>. Any party may designate a deposition transcript or any portion thereof as "Confidential Information," as defined in paragraph 1 either by requesting on the record that the transcript or portions of the transcript be so designated, or by notifying the other parties in writing within fifteen (15) days of receiving the deposition transcript that it is so designating the transcript or any portion thereof, if such testimony relates to the documents and/or information designated as "Confidential Information." All deposition transcripts shall be

deemed "Confidential Information" for fifteen (15) days following the receipt of the transcript by that party so as to afford each party the opportunity to designate the transcript or portions thereof "Confidential Information." The transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6. <u>Use of Confidential Information.</u> All Confidential Information, as that term is defined in paragraph 1, so-designated and received in the course of this Action shall be used by the non-designating party, or by such party's counsel, or by anyone else granted access under this Order, solely and exclusively for the prosecution or the defense of this Action.

7. <u>Permissible Disclosure and Access to Confidential Information.</u> The Confidential Information produced or provided, as referred to above, shall be available to and utilized only by:

    a. parties to this Action,

    b. their counsel (presently retained, or who may subsequently be assigned or engaged, employees of the law firm or legal department of counsel, who are directly assisting in this case), and

    c. any expert witness retained on behalf of a party to testify on a subject matter involving such documents and information, and only after the person(-s) to whom the disclosure is made has been informed of and agreed to be bound by the terms of this Stipulation and Order, such agreement being demonstrated by execution of the acknowledgement annexed hereto at Exhibit A.

8. <u>Non-Disclosure of Confidential Information.</u> Except as described above, Confidential Information, its contents or information derived therefrom shall not be disclosed to any third parties, including

    a. non-parties,
    b. putative parties,

      c. employees and former employees of the Defendant,
      d. governmental agencies, or
      e. agents of the press,

for any purpose whatsoever, without the express prior written consent of the party designating the information as confidential or pursuant to court order. The parties shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

9. <u>Inadvertent Disclosure and Return of Confidential Information.</u> In the event that documents that are subject to the attorney-client privilege or documents which constitute attorney work-product are inadvertently produced, such documents, and all copies thereof, shall be immediately returned to the producing party upon discovery by the receiving party or upon request by the party that made the inadvertent disclosure.

10. <u>Procedure for Objection to Designations.</u> If a party objects to the designation of any information as confidential, it shall so notify the party making the designation. The parties shall then confer regarding such designation. If agreement cannot be reached, the party seeking confidentiality must apply to the Court for an Order that the document shall be treated as Confidential Information. Until the Court resolves the dispute by approving or denying the application, the parties agree that the subject information or document shall be treated as confidential as that term is utilized in this Stipulation and Order.

11. <u>Additional Protections Not Waived.</u> Nothing contained herein shall be deemed to preclude a party from seeking additional protection with respect to the Confidential Information or information that is subject to the attorney-client privilege or that constitutes attorney-work-product. Furthermore, nothing contained herein shall be deemed to preclude a party from making any objection during the pendency of this Action with respect to the introduction of any document, information or testimony into evidence or with respect to whether such document,

information or testimony is relevant or material. Production of the Confidential Information subject to the terms of this Order shall not be deemed a waiver of any objection concerning the admissibility of the Confidential Information.

12. <u>Use of Confidential Information at Trial.</u> Prior to the trial of this matter, the parties shall seek to reach agreement on the handling of Confidential Information covered by this Order at trial so as to provide protection against public disclosure, without in any way infringing on the rights of the parties to present any evidence they deem necessary at such trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

13. <u>Return of Confidential Materials</u>. Within thirty (30) days of the termination of the Action, by entry of a judgment that has become non-appealable, by an order of discontinuance, execution of settlement documents or otherwise, each party shall return to counsel for the opposite party all Confidential Information and any material containing Confidential Information, including all copies thereof..

14. <u>Violations of Confidentiality Order.</u> Upon a violation or threatened violation of this Stipulation and Order, any party may make an application to the Court for immediate relief to prevent the violation, further violation or threatened violation of the Order and for contempt of Court, as well and for other all remedies and sanctions available under the Federal Rules of Civil Procedure and other applicable laws. In addition, by executing this Confidentiality Agreement, the parties and counsel agree to use their reasonable best efforts to prevent any violation or threatened violation of this Confidentiality Order.

15. <u>Continuing Effect of Order</u>. The provisions of this Order shall, absent written permission of the designating party or further order of this Court, continue to be binding after the conclusion of this Action. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
December 4, 2019

| LAW OFFICE OF<br>ALEXANDER HILLERY, P.C. | SATTERLEE STEPHENS, LLP |
|---|---|
| By: Alexander Hillery, II.<br>*Attorneys for Plaintiff*<br>1629 K Street, NW, Suite 300<br>Washington, DC 20006<br>(202) 288-5139 | By: Michael H. Gibson<br>*Attorneys for Defendant*<br>230 Park Avenue, Suite 1130<br>New York, New York 10169<br>(212) 819-9200 |

**SO ORDERED:**

_____
U.S.D.J.

_____
Ona T. Wang       12/6/19
U.S. Magistrate Judge