

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

*FIRM and AFFILIATE OFFICES*

MICHAEL H. GIBSON
DIRECT DIAL: +1 212 404 8726
PERSONAL FAX: +1 212 818 9606
*E-MAIL:* MHGibson@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

April 15, 2020

**VIA ECF**

The Honorable Ona T. Wang
Daniel Patrick Moynihan United States
Courthouse, Room 1620
500 Pearl Street
New York, NY  10007

      Re:     **Prosper v. Thomson Reuters (GRC), Inc. – (18-cv-2890)**

Dear Judge Wang:

      This firm represents Defendant Thomson Reuters (GRC) Inc. ("Thomson Reuters") with regard to the above matter.[1]  We write this letter to respond to the "arguments" set forth within Plaintiff Monica Prosper's April 14, 2020 letter response to Thomson Reuters' request for a pre-motion conference regarding its anticipated motion for summary judgment (Dckt. #97).

      Plaintiff's submission fails to address any of the factual allegations or legal arguments set forth within Thomson Reuter's letter, which entitle it to summary judgment.  Rather, over **five (5) years** after commencing this action, and one (1) month after discovery closed, Plaintiff opposes Thomson Reuters' request by arguing that she: (i) wishes to amend her Complaint for a second time; and (ii) is entitled to additional discovery.  Both of Plaintiff's arguments are without merit.

      Plaintiff amended her Complaint as of right on June 17, 2015.  On January 30, 2020 (the day prior to the then controlling discovery deadline), Plaintiff filed a motion for leave to amend her Complaint a second time, a motion which Thomson Reuters indicated that it would oppose.  (Dckt. #85).  On February 4, 2020, Plaintiff withdrew her motion.  (Dckt. # 87).  Now, months after withdrawing her prior motion and after the close of discovery, Plaintiff again argues that

---

[1] As of October 1, 2018, Thomson Reuters Corporation sold a majority share of its Financial & Risk business (including Thomson Reuters (GRC) Inc.).  The new entity is known as Refinitiv.

DuaneMorris

The Honorable Ona T. Wang
April 15, 2020
Page 2

she wishes to amend her pleading, without even setting forth any detail regarding her proposed amended pleading, or argument as to why she should be entitled to amend at this late hour.

      Plaintiff's arguments with regard to discovery are likewise without merit. To this end, Plaintiff argues that she is entitled to a response to an untimely served interrogatory to which Thomson Reuters objected to on December 3, 2019. In the nearly four (4) months between the date that Thomson Reuters objected to the discovery request and the close of discovery, Plaintiff not only failed to move to compel a response to her request, she did not even seek to meet and confer on the issue. Moreover, Thomson Reuters' legitimate objections to the interrogatory, which seeks the name, hire date, salary, overtime compensation, and job responsibilities of every single executive assistant in Plaintiff's former Thomson Reuters department over a period of 10 years (while Plaintiff worked for Thomson Reuters for less than 10 total months during 2012) should be sustained.

      This action has been pending for over five (5) years. As the Court is aware, Plaintiff and/or her counsel have consistently ignored deadlines and delayed the prosecution of her claims through, among other things: (i) delays in engaging counsel; (ii) counsel's delays in appearing in this action; (iii) failure to comply with mediation deadlines; (iv) failure to appear for court-mandated conferences; and (v) failure to comply with discovery obligations. By contrast, Thomson Reuters has complied with all of its discovery obligations, including producing over 800 pages of documents in response to Plaintiff's untimely served requests for discovery and producing Plaintiff's former supervisor for deposition. In all due respect, there is no merit to Plaintiff's latest request or legal or equitable reason to excuse Plaintiff's or her attorney's failure to abide by this Court's orders and deadlines. For the above reasons, it is respectfully requested that Thomson Reuters' request for a pre-motion conference should be granted.

      Respectfully submitted,

      /s/ Michael H. Gibson

      Michael H. Gibson

cc: Alexander Hillery, II (Via ECF)