UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

MONICA PROSPER,                              :    Case No.: 18-CV-2890
                                             :
                           Plaintiff,        :
                                             :
              v.                             :
                                             :
THOMSON REUTERS (GRC) INC.,                  :
                                             :
                           Defendant.        :
                                             :

-------------------------------------------------------------------------x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT**

**DUANE MORRIS LLP**
James F. Rittinger
Michael H. Gibson
230 Park Avenue, Suite 1130
New York, New York 10169
 (212) 828-9200
*Attorneys for Defendant*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................... 1

BACKGROUND ................................................................................................................. 2

    Plaintiff's Original Complaint ...................................................................................... 3

    Plaintiff's First Amended Complaint ........................................................................... 3

    Plaintiff's First Motion for Leave to Amend Her Complaint ...................................... 4

    Plaintiff's Pending Proposed Second Amended Complaint ......................................... 5

ARGUMENT
PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ................... 6

    (A)    Plaintiff's Unexplained Inordinate Delay ...................................................... 7

    (B)    Thomson Reuters Has Been Prejudiced .......................................................... 8

    (C)    Plaintiff's Proposed Amended Claims are Futile ......................................... 10

CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaker v. Haponik*,
    198 F.R.D. 386 (S.D.N.Y. 2000) ...........................................................................10

*Anthony v. City of New York*,
    No. 00-CV-4688 (DLC), 2002 WL 731719 (S.D.N.Y. April 25, 2002)....................7

*Block v. First Blood Assocs.*,
    988 F.2d 344 (2d Cir. 1993)....................................................................................8

*Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*,
    No. 26-CV-10047 (ALC)(HBP), 2019 WL 1873156 (S.D.N.Y. April 26,
    2019) ................................................................................................................... 6-8

*In re Commodity Exch., Inc. Silver Futures & Options Trading Litig.*,
    No. 11-MD-02213 (RPP), 2013 WL 1100770 (S.D.N.Y. March 18, 2013) ...........10

*Cresswell v. Sullivan & Cromwell*,
    922 F.2d 60 (2d Cir. 1990)................................................................................ 6-7

*Cruz v. HSBC Bank, USA, N.A.*,
    5 F.Supp.3d 253 (E.D.N.Y. 2014) *aff'd*, 586 F. App'x 723 (2d Cir. 2014)............11

*Evans v. Syracuse City Sch. Dist.*,
    704 F.2d 44, 47 (2d Cir. 1983)................................................................................9

*Falls v. Pitt*,
    No. 16-CV-8863 (KMK), 2020 WL 2097626 (S.D.N.Y. May 1, 2020) ..................9

*Forman v. Davis*,
    371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)..........................................6

*Grochowski v. Phoenix Constr.*,
    318 F.3d 80 (2d Cir. 2003)......................................................................................9

*Health-Chem Corp. v. Baker*,
    915 F.2d 805 (2d Cir. 1990)..................................................................................10

*Lamothe v. Town of Oyster Bay*,
    No. 08-CV-2078 (ADS)(AKT), 2011 WL 4974804 (E.D.N.Y. October 19,
    2011) ......................................................................................................................9

*MacDraw v. CIT Group Equipment Financing*,
   157 F.3d 956, 962 (2d Cir. 1998).............................................................................7

*Murphy v. American Home Products Corp.*,
   58 N.Y.2d 293, 461 N.Y.S.2d 232 (1983) ............................................................11

*Priestley v. Amer. Airlines, Inc.*,
   No. 13-CV-8658 (NSR), 1991 WL 64459 (S.D.N.Y. April 12, 1991).....................7

*Scott v. Chipolte Mexican Grill, Inc.*,
   300 F.R.D. 193 (S.D.N.Y. 2014) .............................................................................9

*Tesla Wall Sys., LLC v. Related Companies, L.P.*,
   No. 17-CV-5966 (JSR), 2018 WL 4360777 (S.D.N.Y. August 15, 2018)........... 6-7

*Turkenitz v. Metromotion, Inc.*,
   No. 97-CV-2513 (AJP)(JGK), 1997 WL 773713 (S.D.N.Y. Dec. 12, 1997)...........9

*United States v. Immigration and Naturalization Service*,
   No. 99-CV-11609 (KMW)(HBP), 2000 WL 943348 (S.D.N.Y. July 10, 2000)...................10

*Werking v. Andrews*,
   526 F. App'x 94 (2d Cir. 2013) ...............................................................................9

**Statutes**

42 U.S.C. § 1981 ..............................................................................................................6

Age in Employment Discrimination Act ..........................................................................4

Civil Rights Act of 1964 Title VII ................................................................................ 3-4

Fair Labor Standards Act ..................................................................................................4

New York Human Rights Law ..........................................................................................6

New York State Unemployment Insurance Law .......................................................5-6, 11

Defendant Thomson Reuters (GRC) Inc.[1] ("Thomson Reuters" or "Defendant"), by its attorneys, Duane Morris LLP, respectfully submits this Memorandum of Law in opposition to Plaintiff Monica Prosper's ("Prosper" or "Plaintiff") motion for leave to amend her Complaint in this action for a second time.

## PRELIMINARY STATEMENT

Following five years of litigation, one amendment as of right, one withdrawn motion for leave to amend, the close of discovery, and Thomson Reuters seeking leave to file a motion for summary judgment, Plaintiff now seeks leave to amend her Complaint for a second time.  In doing so, Plaintiff seeks to plead new allegations and legal claims which are not based on any facts which came to light during discovery, nor does she allege otherwise.  Quite the opposite, Plaintiff's proposed amended claims should have been pled years ago – certainly before the close of discovery.  In fact, one of the claims which Plaintiff seeks to add to her current pleading, wrongful termination, was pled within her original Complaint and notably was removed within her First Amended Complaint.

Tellingly and fatally, Plaintiff's motion fails to include any argument which even attempts to explain her inordinate delay in seeking leave to amend.  Similarly, the motion fails to provide any explanation as to why Plaintiff filed a motion for leave to amend on January 30, 2020 (the day before her deposition and the eve of the then discovery deadline), only to withdraw the motion several days later. The reason for Plaintiff's omission is clear – she has no justifiable excuse for her undue delay.

The only "explanation" of any kind offered by the Plaintiff is that her motion "could have been filed earlier, but there has been no undue delay…" Plaintiff's Memorandum of Law ("Pl.

---

[1] As of October 1, 2018, Thomson Reuters Corporation sold a majority share of its Financial and Risk business (including Thomson Reuters (GRC) Inc.).  The new entity is known as Refinitiv.

Br.") at p.4.  Plaintiff is correct that her motion could have been filed earlier.  In fact, it **should** have been filed earlier. Her failure to do so is dispositive.  Moreover, as evidenced by the lack of any attempt on her part to provide justification, Plaintiff's delay in seeking leave to amend is undue and inordinate.

In reality, Plaintiff's motion is nothing more than another example of her and her counsel's dilatory attempts to delay the litigation of her frivolous claims on their merits, including, but not limited to: (i) delaying months in engaging counsel; (ii) delaying months in appearing in this action *pro hac vice*[2]; (iii) failing to comply with Court ordered deadlines (including the deadline to file the instant motion); (iv) failing to appear at Court ordered conferences; and (v) failure to comply with her discovery obligations.

This Honorable Court has granted the Plaintiff leave on multiple occasions to extend deadlines (often after the passing of the deadline) and to reschedule appearances that she and her counsel simply chose not to appear at, often over the objection and at the expense of Thomson Reuters.  It is respectfully submitted that Plaintiff should no longer be permitted to litigate her meritless claims at her own self-serving pace, while ignoring civil procedure, the Orders of this Court, and the rights of Thomson Reuters as a defendant.

As set forth below, Plaintiff's motion should be denied as untimely, unexplained, prejudicial to Thomson Reuters, and because Plaintiff's proposed amended claims are futile.

## BACKGROUND

Thomson Reuters respectfully refers the Court to the accompanying Affirmation of Michael H. Gibson, Esq., dated May 22, 2020, with exhibits annexed thereto (the "Gibson Aff.").

---

[2] Plaintiff's motion references that counsel was granted leave to appear *pro have vice* on May 21, 2019.  Pl. Br. at p.1.  However, it conveniently neglects to reference the fact that Prosper was represented by prior counsel at the time that she filed her Complaint and First Amended Complaint, and that current counsel waited months to move for *pro hac vice* admission (despite the consent of the undersigned) after his initial appearance before the Court.

**Plaintiff's Original Complaint**

Prosper, through her former attorney, commenced this action by the filing of her Complaint on February 6, 2015.  Ex. A to Gibson Aff.  Without providing any substantive factual background, the Complaint alleged causes of action for: (i) Sexual Harassment & Discrimination in violation of Title VII of the Civil Rights Act of 1964; (ii) Wrongful Discharge; (iii) Intentional Infliction of Emotional Distress; (iv) Assault & Battery; and (vi) Negligent Hiring and Supervision.

**Plaintiff's First Amended Complaint**

On June 17, 2015, prior to Thomson Reuters answering the Complaint, Plaintiff, again through counsel, amended her Complaint for the first time.  Ex. B to Gibson Aff.  The Amended Complaint was verified under oath by Prosper, who acknowledged that she had read the Amended Complaint and that its contents were true and accurate to the best of her current belief. *Id.* at p. 10.  Prosper testified at her deposition that she read the Amended Complaint prior to signing the verification.  *See* Deposition Transcript of Monica Prosper ("Prosper Tr."), Ex. C to Gibson Aff. at 22:2-10.

The Amended Complaint differed from the Complaint in several substantive respects. For example, unlike her original Complaint, Plaintiff's Amended Complaint provided a factual background underlying her alleged claims.  To this end, the Amended Complaint alleged that Prosper was offered a starting salary below what was originally budgeted for the position, only after Thomson Reuters somehow determined (before even meeting her in person) that Prosper was of Caribbean-American descent.  Ex. B. to Gibson Aff. at ¶ 13.  The pleading also alleged that Prosper was required to assist more than one executive for discriminatory reasons.  *Id.* at ¶ 14. The Amended Complaint also alleged that on April 6, 2012, while Prosper was at home and exiting her shower, her Thomson Reuters' laptop computer allegedly took a naked picture of her

3

and that she believes that her supervisor, Scott McCleskey, allegedly hacked her computer, took the picture of her (which she admits she never saw), and impeded her efforts to have the incident investigated (the "Laptop Incident"). *Id.* at ¶ 17-18.  According to the Amended Complaint, on November 28, 2012, approximately 10 months after she was hired, Prosper was terminated in retaliation for reporting a November 12, 2012 incident in which she witnessed a Thomson Reuters employee (not Mr. McCleskey - who terminated her) make a racially insensitive comment – "Go Fetch Boy" - to another employee (the "Go Fetch Incident"). *Id.* at ¶ 22-23. Importantly, the verified Amended Complaint does <u>not</u> allege that the April 2012 Laptop Incident (which was pled in detail) played any role in Thomson Reuters' decision to terminate her employment some seven months later.

As with her original Complaint, Prosper's Amended Complaint alleged Title VII discrimination and retaliation, intentional infliction of emotional distress, and failure to supervise.  However, the amended pleading added causes of action for: (i) violation of the Age in Employment Discrimination Act; (ii) negligent infliction of emotional distress; and (iii) violation of the Fair Labor Standards Act. The amended pleading also removed Plaintiff's claim for assault and battery, as well as the same claim for wrongful discharge which she now seeks to plead again. *Id.* at ¶ 25-39.

<u>**Plaintiff's First Motion for Leave to Amend Her Complaint**</u>

On January 30, 2020, the eve of the then discovery deadline and the night before her deposition, Prosper filed her first motion for leave to amend her Complaint for a second time. Once again, Plaintiff's Proposed Second Amended Complaint alleged that the **<u>sole</u>** reason that she was terminated by Thomson Reuters was her reporting of the November 2012 Go Fetch Incident, and does not identify the April 2012 Laptop Incident as a discriminatory motive for her termination.  Ex. D to Gibson Aff. at ¶ 22. Moreover, the proposed pleading, filed after the

completion of documentary discovery, makes no reference to Plaintiff's newfound alleged claims for "invasion of privacy" or violation of New York State Unemployment Insurance Law.

      Several days following the filing of her first motion for leave to amend, and after Thomson Reuters incurred legal fees to draft opposition, Plaintiff withdrew her motion. ECF No. 87.  Within her notice of withdrawal, Plaintiff vaguely alleged that the motion was filed "in error" and that she intended to refile the motion with "corrections."[3] *Id.*  Nonetheless, Plaintiff inexplicably waited three more months to make her alleged "corrections" and refile the motion, again, only after Thomson Reuters sought leave to file a motion for summary judgment.

**Plaintiff's Pending Proposed Second Amended Complaint**

      Plaintiff now again moves for leave to amend her Complaint.  While it is nearly impossible to track the litany of changes from Plaintiff's original Complaint, to her First Amended Complaint, to her First Proposed Second Amended Complaint, and to her current Pending Proposed Second Amended Complaint, one thing is abundantly clear - it differs significantly from her prior pleadings and it is certainly more than a "correction" of her withdrawn Proposed Second Amended Complaint.

      Most importantly, the Pending Proposed Second Amended Complaint, for the **first time**, alleges that Plaintiff's reporting of alleged sexual harassment, *i.e.* the Laptop Incident, also played a role in Thomson Reuters' decision to terminate her employment. Ex. E to Gibson Aff. at ¶ 22.  Plaintiff's newfound allegation, five years into this litigation, is not based on any documentary evidence or testimony of a witness.  Plaintiff does not even argue that it is.  Rather, Plaintiff's self-serving conclusion is presumably the result of the fact that, at her deposition, she

---

[3] Plaintiff's withdrawal notice disingenuously suggests that Thomson Reuters' "consented" to her refiling of the motion.  This is not accurate.  In fact, Thomson Reuters simply consented to the withdrawal of the meritless motion.

was confronted with overwhelming evidence establishing that the November 2012 Go Fetch

Incident (upon which she entirely based her discriminatory termination claims for nearly five

years) occurred months **after** Thomson Reuters had begun investigating her for falsifying her

time sheets and discussing the potential for terminating her employment.

The Pending Proposed Second Amended Complaint also alleges for the first time that: (i)

Plaintiff requested and was denied a new computer multiple times after the Laptop Incident (*Id.*

at ¶ 17); and (ii) Plaintiff allegedly had an opportunity to work for another Thomson Reuters

executive and was "blocked" by her then supervisor, Mr. McCleskey (*Id.* at ¶ 20).

Finally, the Pending Proposed Second Amended Complaint alleges new causes of action

for: (i) sexual harassment; (ii) wrongful termination; (iii) violation of New York Human Rights

Law; violation of 42 U.S.C. § 1981; and violation of New York State Unemployment Insurance

Law.

## ARGUMENT

## <u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED</u>

While leave to amend a Complaint is generally freely granted prior to the close of

discovery, a Court may deny leave, "where the motion is made after inordinate delay, no

satisfactory explanation is offered for the delay, and the amendment would prejudice the

defendant." *Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, No. 26-CV-10047, 2019 WL

1873156 at *3 (S.D.N.Y. April 26, 2019); quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d

60, 72 (2d Cir. 1990).  Other factors considered by the Court are: (i) bad faith or dilatory motive

on the part of the movant; and (ii) futility of the proposed amendment.  *Tesla Wall Sys., LLC v.*

*Related Companies, L.P.*, No. 17-CV-5966 (JSR), 2018 WL 4360777 (S.D.N.Y. August 15,

2018); *citing Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, Plaintiff's motion should be denied for several reasons.  First, Plaintiff not only waited an inordinate amount of time (5 years) to seek leave to amend her Complaint, but her motion makes absolutely no effort to explain said delay.  Second, Plaintiff's ongoing dilatory tactics in this litigation have and continue to prejudice Thomson Reuters.  Finally, several of Plaintiff's proposed amended claims are futile.

(A)      **Plaintiff's Unexplained Inordinate Delay**

Where a movant seeks to amend its pleading after an inordinate delay, it bears the burden of explaining that delay.  *Anthony v. City of New York*, No. 00-CV-4688 (DLC), 2002 WL 731719 at *5 (S.D.N.Y. April 25, 2002) (citing *MacDraw v. CIT Group Equipment Financing*, 157 F.3d 956, 962 (2d Cir. 1998); *see also Cresswell*, 922 F.2d 60, 72 (2d Cir. 1990) ("[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay.").  Here, Plaintiff makes no attempt to explain her delay.  The reason for this transparent – no such explanation exists.  In fact, Plaintiff's own motion acknowledges, "Certainly, this motion could have been filed earlier…"  Pl. Br. at p. 4.

In *Bromfield*, the Court denied plaintiff's motion for leave to amend which was made two years after the commencement of the action (less than half as long as Prosper's claims have been pending) and four months after the close of discovery.  In denying the motion, made by a *pro se* plaintiff, the Court noted that "plaintiff offered no satisfactory explanation for her inordinate delay."  *Bromfield*, 2019 WL 1873156, at *3.

One factor utilized by Courts in order to determine the reasonableness of delay in seeking leave to amend is whether the proposed amendment is based on facts that the movant knew or should have known at the time the original pleading was filed. *Tesla Wall Sys., LLC*, 2018 WL 4360777, at *6 (citing *Priestley v. Amer. Airlines, Inc.*, No. 13-CV-08658 (NSR), 1991 WL

64459 (S.D.N.Y. April 12, 1991) ("Insofar as the proposed claim is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable.")).

Indeed, in *Bromfield* the plaintiff at least attempted to argue that her proposed amendments were the result of newly discovered evidence unveiled during discovery, an argument which the Plaintiff here has not and cannot advance. *Bromfield*, 2019 WL 1873156 at *3. For example, Plaintiff has not and cannot argue that her new factual allegations regarding her alleged requests to have her computer replaced and her supervisor allegedly blocking her attempts to be reassigned were first learned through discovery. Moreover, Plaintiff offers this Court no evidence, or even argument, to suggest that she learned through the discovery process that her termination was somehow the result of her reporting the Laptop Incident. This is because no such evidence exists. Once again, Plaintiff's new allegation regarding the circumstances of her termination is simply the result of the fact that, after the close of discovery, Thomson Reuters is prepared to submit to this Court substantial evidence belying Prosper's claims as they have stood for five years.

In short, it is respectfully submitted that Plaintiff's failure to even attempt to explain her undue delay in bringing her most recent motion for leave to amend her Complaint alone requires that the motion be denied.

**(B)**    **Thomson Reuters Has Been Prejudiced**

Plaintiff's motion self-servingly concludes that Thomson Reuters would not be prejudiced by being placed in the position of responding to new factual allegations and legal theories of recovery five years into this litigation, after the close of discovery, and as it is prepared to move for summary judgment. Plaintiff is of course wrong.

As an initial point, "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Block v. First Blood Assocs.*,

988 F.2d 344, 350 (2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983).

Moreover, Courts are, "particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment." *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013); *see also Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming denial of leave to amend sought after the close of discovery and filing of summary judgment motion); *Scott v. Chipolte Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 20014) ("A court is more likely to find an amendment prejudicial if discovery has closed."); *Lamothe v. Town of Oyster Bay*, No. 08-CV-2078 (ADS)(AKT), 2011 WL 4974804 at *14 (E.D.N.Y. October 19, 2011) (denying motion for leave to amend where "summary judgment proceedings have been initiated"); *Turkenitz v. Metromotion, Inc.*, No. 97-CV-2513 (AJP)(JGK), 1997 WL 773713 (S.D.N.Y. Dec. 12, 1997) (denying motion to amend as prejudicial because the amendment was sought after discovery closed). In *Falls v. Pitt*, No. 16-CV-8863 (KMK), 2020 WL 2097626 (S.D.N.Y. May 1, 2020), while denying plaintiff's motion for leave to amend, the Court noted that, like the status of this litigation, "Here, discovery was already complete and Defendants were prepared to file motions for summary judgment when Plaintiff sought to file these new claims." *Falls* at *5.

Plaintiff's dilatory tactics with regard to her most recent motion is unfortunately part of a long-running pattern. As the Court is aware, this litigation has been pending for five years solely as a result of the Plaintiff's delays. Plaintiff, as well as her counsel, has blatantly disregarded Court ordered deadlines, conferences, and discovery obligations.[4] This conduct has

---

[4] As the Court may recall, at her deposition, Plaintiff took the position that it was too inconvenient for her to search a storage locker that she rents in Manhattan for documents relevant to the claims that **she brought**.

unequivocally prejudiced Thomson Reuters, which has had to spend significant resources in order to compel the Plaintiff to litigate her meritless claims, comply with her obligations, and to participate in joint party submissions required by this Court.  In litigating this case, Thomson Reuters has had to address Plaintiff's ever-changing fact pattern and legal claims.  Moreover, Plaintiff's conduct is certainly not by accident.  Rather, her bad-faith actions are aimed at enticing Thomson Reuters to offer her a lucrative settlement to which, as Thomson Reuters' motion for summary will clearly establish, she is not entitled. Plaintiff's conduct should no longer be tolerated. *See In re Commodity Exch., Inc. Silver Futures & Options Trading Litig.*, No. 11-MD-02213 (RPP), 2013 WL 1100770 (S.D.N.Y. March 18, 2013) (Plaintiff's leave to amend denied where the motion was "filed solely in an attempt to prevent the Court from granting a motion to dismiss or for summary judgment, particularly when the new claim could have been raised earlier.").

As Thomson Reuters will be prejudiced by the new allegations and claims in Plaintiff's proposed amend pleading, which could have and should have been pled years ago, it is submitted that the motion should be denied.

**(C)**   **Plaintiff's Proposed Amended Claims are Futile**

Finally, Plaintiff's motion should be denied as her newfound legal claims, as well as her claim for wrongful termination, are futile.  "An amendment is considered futile if the new claims would not survive a motion to dismiss." *Amaker v. Haponik*, 198 F.R.D. 386, 390 (S.D.N.Y. 2000) (citing *United States v. Immigration and Naturalization Service*, No. 99-CV-11609 (KMW)(HBP), 2000 WL 943348 at *1 (S.D.N.Y. July 10, 200); *see also Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) (leave to amend denied "where…there is no merit in the proposed amendments.").

Here, aside from her new self-serving factual allegations, which, as set forth above, should have been pled years ago, Plaintiff seeks leave to add causes of action and legal claims arising out of, among other things: (i) wrongful discharge; and (ii) violation of New York State Unemployment Insurance Law.

Plaintiff's proposed claim for wrongful discharge is futile as New York law does not recognize such a claim by an at-will employee. *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 300, 461 N.Y.S.2d 232, 235 (1983) (rejecting at-will plaintiff's claim for wrongful termination which, "would alter [New York's] long-settled rule that where employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason."); *Cruz v. HSBC Bank, USA, N.A.*, 5 F.Supp.3d 253, 259 (E.D.N.Y. 2014) *aff'd*, 586 F. App'x 723 (2d Cir. 2014) ("[N]ew York does not recognize a claim for wrongful discharge of an at-will employee."). Here, as set forth within her Thomson Reuters Offer Letter and as she acknowledged at her deposition, Prosper's employment with Thomson Reuters was at-will and she is therefore barred from recovering under a theory of wrongful termination. Offer Letter, Ex. F to Gibson Aff.; Prosper Tr., Ex. C to Gibson Aff. at 37:22-25; 99:23-100:8.

Next, while failing to allege a specific cause of action under New York State Unemployment Law, the Proposed Second Amended Complaint alleges that, "On information and belief, the Defendant never contributed to Plaintiff's unemployment insurance on behalf of Plaintiff, who was a full-time employee, as required by law." Pending Proposed Second Amended Complaint, Ex. E to Gibson Aff. at ¶ 23. This allegation, made for the first time five years into this litigation and after the close of discovery, is supported by no additional factual allegations, let alone evidence. Moreover, the issue of Plaintiff's entitlement to unemployment

11

benefits was already litigated and decided by the New York State Unemployment Insurance

Appeal Board some six years ago. At the conclusion of that proceeding, the Appeal Board held

that Prosper was entitled to benefits, despite the fact that, "The credible evidence establishes that

the employer discharged the claimant on November 28, 2012 because it decided that the claimant

had falsified some of her time sheets." Ex. G to Gibson Aff. at p.2. In fact, Prosper admitted at

her deposition that, aside from the time period between the Administrative Judge's denial of her

benefits and the Appeal Board's granting of her benefits, she did in fact receive unemployment

benefits. Prosper Tr., Ex. C to Gibson Aff. at 416:3-417:3. Plaintiff should not be permitted to

re-litigate this entire issue six years after it was decided.

## CONCLUSION

For the above reasons, it is respectfully submitted that Plaintiff's motion should be denied

in its entirety.

Dated: May 22, 2020

**DUANE MORRIS LLP**

By:     James F. Rittinger
        Michael H. Gibson
*Attorneys for Defendant*
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 828-9200
