UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                               :

MONICA PROSPER,                      :

                                    :

                         Plaintiff,    :          18-CV-2890 (MKV) (OTW)

                                    :

                  -against-        :          **OPINION & ORDER**

                                    :

THOMSON REUTERS INC.,            :

                                    :

                        Defendant.   :

                                    :

---------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Monica Prosper seeks to amend, for the *third* time, her employment

discrimination complaint against her former employer Defendant Thomson Reuters (GRC), Inc.

(ECF 103, the "Motion"). For the reasons stated below, the Motion is **DENIED**.[1]

**I.     Background**

**a.   Facts**

The facts here are taken from the First Amended Complaint. (ECF 8).[2]

Plaintiff, who is Black, was employed by Defendant from approximately February to

November 2012. She was hired as an executive assistant to Scott McCleskey, who was

---

[1] Courts in this circuit generally treat motions to amend as non-dispositive pre-trial motions. *See, e.g., Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 584-85 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)A)); *Marsh v. Sheriff of Cayuga Cty*, 36 F. App'x 10, 11 (2d Cir. 2002) ("[T]he magistrate judge acted within his authority in denying this motion to amend the complaint."); *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16-CV-07907 (PGG), 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020) ("A motion to amend is not a dispositive motion." (citation omitted)); *Lyondell-Citgo Ref., L.P. v. Petroleos De Venezuela, S.A.*, No. 02-cv-795 (CBM), 2005 WL 883485, at *3 (S.D.N.Y. Apr. 14, 2005) (reviewing magistrate judge's decision on motion to amend under clearly erroneous standard).

[2] Plaintiff's second attempt to amend did not result in a filed complaint.

Defendant's global head of governance, risk, and compliance. Am. Compl. ¶ 10-11. Plaintiff's

salary was to be $60,000 per year plus overtime pay. Am. Compl. ¶ 14. Plaintiff initially was

permitted to work overtime.

On or around April 6, 2012, Plaintiff was working from home and "using a laptop

supplied by Defendant" to which "Defendant had all relevant passwords and access." Am.

Compl. ¶ 17. Plaintiff alleges that she took a shower and "[a]fter her shower, and while still

naked, Plaintiff walked in front of the open laptop. When she did, and upon information and

belief, the laptop took a picture of her and made the corresponding 'snapshot' sound." Am.

Compl. ¶ 17 (the "Laptop Incident"). Plaintiff reported the Laptop Incident to Mr. McCleskey

and Defendant's security. Am. Compl. ¶ 18. Plaintiff believes that Mr. McCleskey halted the

investigation into the Laptop Incident because "[he] and/or IT employee David Pexton remotely

operated the laptop to spy on her and take her naked picture." Am. Compl. ¶ 18.

On or around "late June or early July" 2012, Mr. McCleskey increased Plaintiff's

workload by requiring Plaintiff to assist additional executives, but he forbade Plaintiff from

working overtime. Am. Compl. ¶ 19. In July 2012, Plaintiff complained to Defendant's human

resources department ("HR") of unfair treatment by Mr. McCleskey. Plaintiff also complained

that "she could not possibly work for four executives without incurring overtime or without

failing to complete assignments." Am. Compl. ¶ 20. HR purportedly was unsympathetic to

Plaintiff's complaints. Am. Compl. ¶ 20. HR also informed Plaintiff that she was required to

complete all her assigned tasks without charging overtime. Am. Compl. ¶ 20.

During her employment, Plaintiff purportedly witnessed racially insensitive statements

made by Defendant's employees. Am. Compl. ¶ 21-22. For example, in early-November 2012,

Plaintiff witnessed "a young, white employee make a racially disparaging remark ['Go on Boy, go fetch!'] to a black/Hispanic man." Am. Compl. ¶ 22. Plaintiff reported the incident to Mr. McCleskey and HR. Am. Compl. ¶ 22. In addition to the "Go on Boy, go fetch!" incident, Plaintiff was also "interviewed by HR because of racially insensitive conversations or statements that other employees had made in her presence, but no employee was ever disciplined or reprimanded for these racially insensitive remarks." Am. Compl. ¶ 21. The Amended Complaint does not identify any of these other racially insensitive remarks.

On November 28, 2012, she was terminated. Am. Compl. ¶ 23. Plaintiff believes this was in retaliation for reporting racial discrimination. *Id.* Plaintiff alleges that she "was replaced by another employee who was not in a protected class and who was also under 40 years of age." Am. Compl. ¶ 24.

**b. Procedural History**

*1. District of the Virgin Islands*

In February 2015, Plaintiff filed her complaint in the District of the Virgin Islands, where she resides. (ECF 1). Plaintiff was represented by Treston E. Moore, Esq. of Moore Dodson & Russell, P.C.

Plaintiff amended her complaint for the first time in June 2015. (ECF 8). At the time of that filing, Plaintiff was still represented by Mr. Moore.

In July 2015, Mr. Moore moved to withdraw from his representation of Plaintiff, because Mr. Moore's firm only agreed to a limited representation – limited to filing the complaint so that the suit could be filed before any statutes of limitations expired. (ECF 11). Plaintiff sought representation on a contingent basis, but Mr. Moore's firm only represented

clients pursuant to a written retainer. (ECF 11). The withdrawal motion was granted in September 2015. (ECF 28).

From October 2015 to March 2018, there was no activity in the action while Defendant's motion to dismiss or to transfer venue was pending (ECF 18-19).[3]

*2. Proceedings in the Southern District of New York*

On March 28, 2018, the Virgin Islands District Court transferred this action to the Southern District of New York after the parties stipulated to the transfer. (ECF 36; ECF 37 (case transferred in on April 2, 2018)). After transfer, this action was subsequently referred to me for general pretrial supervision and for dispositive motions. (ECF 44).

On October 4, 2018, I held a telephone conference with the parties. Although Plaintiff was *pro se*, Alexander Hillery, Esq., Plaintiff's current counsel, appeared and indicated that he would be filing a notice of appearance on behalf of Plaintiff.

By May 2019, eight months later, Mr. Hillery had yet to appear or move for admission *pro hac vice*, but sought to adjourn multiple court conferences for his belated appearance. (ECF 54-56). I granted one final extension for Mr. Hillery to appear and file his *pro hac vice* motion. (ECF 56). Mr. Hillery finally moved for admission *pro hac vice* on May 15, 2019 (refiled on May 20, 2019), which was granted on May 21, 2019. (ECF 57-59).

At long last, on June 18, 2019, I held an initial pretrial conference with the parties. (ECF 66). The case management plan entered did *not* grant leave for further amendments to the complaint. (ECF 66).

---

[3] In that motion, Defendant argued that: (1) venue was improper because all the alleged events took place in New York; and (2) Plaintiff's claims for intentional infliction of emotional distress and violation of the Fair Labor Standards Act ("FLSA") are untimely. (ECF 19).

The original end date for discovery was January 31, 2020.[4] Plaintiff sat for her deposition on January 31, 2020. Mr. McCleskey was also deposed. Discovery finally closed on March 13, 2020. (ECF 96).

On January 30, 2020, Plaintiff moved for leave to file a second amended complaint. (ECF 85). Less than a week later, Plaintiff withdrew that motion on consent because she wished to "make necessary corrections" and refile the motion. (ECF 87). Plaintiff did not refile her motion (this Motion) until ordered by the Court months later.

On April 1, 2020, Defendant timely filed a pre-motion letter seeking leave to file a motion for summary judgment. (ECF 95). Per my Individual Practices, Plaintiff had three business days, by April 6, 2020, to respond. Plaintiff did *not* respond, so I issued an order on April 10, 2020 giving Plaintiff one additional chance to respond to Defendant's April 1 letter by April 14, 2020. (ECF 96).

Plaintiff's response, filed on April 14, 2020, claimed to oppose summary judgment on the grounds that (1) discovery should be reopened and (2) amendments to the complaint were needed because there were unspecified "facts uncovered in discovery." (ECF 97). I denied the request to reopen discovery,[5] and I ordered that Plaintiff file a formal motion by May 1, 2020 if she still sought to amend her complaint. (ECF 99). Plaintiff filed this Motion on May 4, 2020.

---

[4] I extended discovery multiple times: on February 5, 2020 (extending discovery to February 18, 2020); on February 20, 2020 (extending discovery to March 5, 2020); and finally on February 26, 2020 (extending discovery to March 13, 2020). (ECF 89, 91, 93). Plaintiff requested two of these extensions, and I granted the third because Plaintiff was delayed in searching for responsive documents to produce.

[5] I denied the request to reopen discovery because "Plaintiff failed to make any diligent efforts to obtain amended interrogatory responses for four months, discovery closed a month earlier, and Plaintiff's untimely objections to the Interrogatory response is not good cause to reopen discovery. (ECF 99 (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (A "Court's scheduling order shall not be modified except upon a showing of good cause" and a "finding of good cause depends on the diligence of the moving party.")), *reconsideration denied* ECF 101).

(ECF 103, *see* ECF 103-1 for Proposed Second Amended Complaint ("PSAC")). The PSAC seeks to add claims for: (1) race discrimination in violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981; (2) discrimination and retaliation in violation of the New York City Human Rights Law, Title 8, § 8-107; (3) wrongful discharge; and (4) Defendant's failure to contribute to the New York State unemployment insurance fund.

### II.  Analysis

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the trial court's discretion to grant or deny leave to amend under Rule 15(a)(2). *See Zenith Radio Corp. v. Hazeltine Rsch, Inc.*, 401 U.S. 321, 330 (1971). A court may deny leave to amend for "good reason," which normally involves an analysis of the following four factors: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b) requires the Court to enter a scheduling order that "limit[s] the time to join other parties, [and] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b) further states that the schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16(b)(1), (3)(A). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotation marks omitted). The movant must demonstrate diligence to satisfy the good cause standard. *Grochowski*, 318 F.3d at 86 ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be

balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not

be modified except upon a showing of good cause.'"). In other words, the party must show

that, despite its having exercised diligence, the applicable deadline could not have been

reasonably met. *See Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104

(S.D.N.Y. 2003); *Parker*, 204 F.3d at 340.

Plaintiff argues that the more lenient Rule 15 standard should apply. (ECF 105 at 4).

Given that a scheduling order was entered more than eighteen months ago (ECF 66), the Rule

16 standard is more appropriate to this Motion. Under either standard, however, the Motion is

denied as untimely.[6]

Plaintiff's request to amend is untimely and unnecessary. Although the docket number

of this case reflects a case opening date in 2018, this action was filed six years ago. (ECF 1).

Plaintiff's first amendment, as of right, was made four months after the case was opened in the

U.S. Virgin Islands, approximately five and a half years ago. (ECF 8). Four and a half years then

passed. The second proposed amendment was made one day before the close of discovery and

---

[6] Even if the request were timely, the proposed amendments are futile. A proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). The wrongful discharge claim is futile because New York law does not recognize a cause of action for wrongful discharge of an at-will employee, which Plaintiff conceded in her reply. (ECF 110). Plaintiff's proposed amendment of an (unspecified) claim under the New York State Unemployment Law is a conclusory allegation with no factual support. PSAC ¶ 23 ("[O]n information and belief, the Defendant never contributed to Plaintiff's unemployment insurance on behalf of Plaintiff, who was a full-time employee, as required by law."). Further, the race and gender discrimination claims are likely time-barred. Section 1981 claims have a four-year statute of limitation, and Plaintiff's claim accrued in 2012, expiring in 2016. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 375 (2004) (Section 1981 claims are governed by the "catchall" four-year statute limitations prescribed by 28 U.S.C. § 1658). Discrimination claims under the New York City Human Rights Law are governed by a three-year statute of limitations. *See Urquhart v. Metropolitan Transp. Auth.*, 975 F. Supp. 2d 320, 331 (S.D.N.Y. 2013). Plaintiff's cause of action would have expired in 2015. Plaintiff makes no argument that these amendments should relate back to the original complaint, filed in February 2015.

withdrawn just days later. (ECF 85, 87). The third proposed amendment — the PSAC at issue in this motion — was made more than three months later, only at the direction of the Court, and well after the extended-close of discovery. (ECF 99, 103). The PSAC does not differ materially from the second proposed amendment; indeed, the redline between the PSAC and the withdrawn amendment largely shows only stylistic and grammatical edits, and neither amendment adds any facts that were uncovered in discovery or, for that matter, discovered at any time in the intervening five years. (ECF 104-3); *see Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 357 (S.D.N.Y. 2020) ("[A] court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay."). There is simply no excuse (nor does Plaintiff offer any) for the extreme delay in seeking amendment. Plaintiff even concedes "certainly, this Motion could have been filed earlier." (ECF 105 at 4). Accordingly, amendment is denied as untimely.

### III.     Conclusion

For the reasons stated above, Plaintiff's Motion for Leave to Amend the Complaint is

DENIED. Within 14 days of this Order, the parties shall jointly propose a briefing schedule for

any summary judgment motions. The Clerk of Court is respectfully directed to close ECF 103.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: February 11, 2021                                            **Ona T. Wang**
     New York, New York                       United States Magistrate Judge